Garrett R. Miller (SBN: 284556)
Christopher Miller (SBN: 285606)
Fabianna Olivares Miller (SBN: 285642)
The Miller Law Group
15 S. Raymond Ave. Suite 202
Pasadena, CA 91105
Telephone: 626-240-0714
Fax: 323-477-2793

Attorneys for Defendant

Adrian Martinez

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>  Plaintiff,<br><br>vs.<br><br>**ADRIAN MARTINEZ**<br><br>  Defendant. | CASE NO.: 25-MJ-03759<br><br>**NOTICE OF MOTION AND MOTION TO QUASH SUBPOEANA TO ADRIAN MARTINEZ; MEMORANDAUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO QUASH**<br><br>Date: August 19, 2025<br>Time: 9:00 A.M.<br>Courtroom: Room 840, 8th Floor |

## NOTICE OF MOTION AND MOTION

**PLEASE TAKE NOTICE** that on August 19, 2025, at 9:00 a.m. at Roybal Federal Building, Courtroom 840, 8th Floor, Adrian Martinez hereby moves the District Court for the Central District of California to quash the subpoena issued by United States of America ("Plaintiff") through its counsel of record, Assistant United States Attorney Alexander Robbins, on August 14, 2025 to Adrian Martinez in the District Court for the Central District of California. The subpoena was issued in support of a criminal action filed in the District Court for the Central District of California on June 19, 2025. A date and time at which this motion will be heard are to be determined.

As discussed in the memorandum below, Plaintiff's subpoena should be quashed because it violates Mr. Martinez' Fifth Amendment constitutional right against self-incrimination, Rule 17(c)(2) and Rule 17(h) of the Federal Rules of Criminal Procedure. Additionally, it is seeking documents that are not relevant. This motion is based on this notice, the attached memorandum of points and authorities, and on such oral argument as may be received by this Court. Adrian Martinez respectfully requests that this Court grant this motion and quash the subpoena issued by the Plaintiff in its entirety.

DATED: August 18, 2025

Respectfully submitted,

_____
Garrett R. Miller, Esq.
Christopher Miller, Esq.
Fabianna Olivares Miller, Esq.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Pursuant to Federal Rule of Criminal Procedure 17, and the Fifth Amendment of the U.S. Constitution, Adrian Martinez hereby moves to quash Plaintiff's subpoena issued from this Court on August 14, 2025. The subpoena is seeking videos and documents related to the incident leading to Mr. Martinez' arrest, videos of Mr. Martinez' interviews with media outlets, as well as correspondence between Mr. Martinez and media outlets.

## II. STATEMENT OF FACTS

This case arises from an incident involving Mr. Martinez and U.S. Border Patrol agents that occurred on June 17, 2025, in Pico Rivera, California, that led to Mr. Martinez' arrest and the filing of this case. Mr. Martinez was subsequently charged with one felony count of conspiracy to impede a federal agent. The detention and arrest of Mr. Martinez was recorded by bystanders and garnered a substantial amount of media attention. Mr. Martinez participated in numerous interviews where he recounted what occurred on June 17, 2025.

## III. ARGUMENT

### A. The Subpoena Violates Adrian Martinez' Constitutional Rights Under the Fifth Amendment.

The subpoena should be quashed in its entirety because it violates Mr. Martinez' Fifth Amendment right against self-incrimination. The subpoena is directing Adrian Martinez to provide documents, videos, and statements that the Plaintiff likely intends to use to prosecute him. Mr. Martinez does not have an obligation to assist the United States Government with their prosecution, and requesting that he produce these documents by use of a subpoena is a violation of his Fifth Amendment.

### B. The Subpoena Violates Rule 17(h) of the Federal Rules of Criminal Procedure.

The subpoena requests statements of Mr. Martinez. Federal Rule of Criminal Procedure 17(h) states "[n]o party may subpoena a statement of a witness or of a prospective witness under this rule." To the extent Plaintiff is seeking statements of Mr. Martinez, they are prohibited from doing so utilizing the subpoena process.

### C. The Subpoena Requests Information That is Not Relevant.

The subpoena requests to produce all correspondence between Mr. Martinez and media outlets. Any correspondence between Mr. Martinez and media outlets regarding participating in interviews are not relevant to the prosecution of this case.

### D. Compliance With the Subpoena Would be "Unreasonable and Oppressive."

The subpoena was served in the afternoon of 8/14/25 requesting the production of all requested documents, videos, and other records to be completed by August 19, 2025 at 9:00 AM. This timeline amounts to just over two business days for compliance. The Plaintiff filed this case on June 17, 2025. Most of the requested items would have been known to Plaintiff at that time, or shortly thereafter, as media interviews occurred in early July 2025. Assuming Mr. Martinez has any obligation to produce the requested documents, Plaintiff could have issued this subpoena in a timely manner. Providing only 2 business days to comply is both unreasonable and oppressive.

## IV. CONCLUSION

For the foregoing reasons, the August 14, 2025 subpoena served by the United States of America upon Adrian Martinez should be quashed in its entirety.

Dated: August 18, 2025

Respectfully submitted,

Garrett R. Miller, Esq.
Christopher Miller, Esq.
Fabianna Olivares Miller, Esq.